## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DANIEL MALDONADO,                               :
                                                :
            Plaintiff,                          :
                                                :
      v.                                        :      C.A.No. 07-63
                                                :
FIRST CORRECTIONAL MEDICAL, Inc.                :
CORRECTIONAL MEDICAL SERVICES,                  :
DR. JOSE A. ARAMBURO, JR., M.D.                 :
DR. SITTA GOMBEH-ALI,M.D.                       :
COMMISSIONER STANLEY TAYLOR,                    :
JOYCE TALLEY, BUREAU CHIEF,                     :
                                                :
            Defendants.                         :

## <u>ANSWER BY JOYCE TALLEY</u>

The defendant Joyce Talley, by and through her attorney, answers the complaint as follows:

1.      This is a legal contention for which no response is required.

2.      Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

3.      Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

4.      Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

5.      Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

6.     Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

7.     Admitted that Stanley Taylor was the Commissioner of the Department of Correction and signed the health service contract on the Department's behalf with First Correctional Medical-Delaware, LLC ["FCM"] on or about June 17, 2002.   It is denied that Stanley Taylor entered into a contract with FCM.  As to the balance of the paragraph, the contract documents speak for themselves.

8.     Admitted that Joyce Talley is the Bureau Chief for the Bureau of management services.  The Bureau administers the health service contract and other contracts on behalf of the Department of Correction.  The balance of the paragraph is denied.

9.     Admitted that a number of medical venders, including FCM submitted and then presented a proposal responsive to Request for Proposal #2828. As to the balance of the paragraph, answering defendant is without sufficient information to form a belief to the truth of the paragraph.

10.     Admitted that the health services contract with FCM commenced on July 1, 2002.   As to the balance of the paragraph, answering defendant is without sufficient information to form a belief to the truth of the paragraph.

11.     Answering defendant is without sufficient information to form a belief to the truth of the paragraph. The allegation regarding ultimate

responsibility of contract performance is a legal contention for which no response is required.

12.     Answering defendant is without sufficient information to form a belief to the truth of the paragraph.  Additionally, Delaware prohibits access to any Department of Correction's records by inmates.

13.     Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

14.     Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

15.     Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

16.     Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

17.     Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

18.     Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

19.     Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

20.     Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

21.    Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

22.    Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

23.    Admitted that Correctional Medical Services was contracted to provide health care services on or about July 1, 2005.

24.    Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

25.    Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

26.    Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

27.    Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

28.    Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

29.    Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

30.    Answering defendant is without sufficient information to form a belief to the truth of the paragraph.

31.    This is an incorporation paragraph to which no response is required. Admitted, that as a Department of the State of Delaware, all funds must be

appropriated by the General Assembly in accordance with the Delaware Constitution and as required by all democratic institutions. The balance of the paragraph is denied.

32[1]. Denied.

33. The allegation regarding ultimate responsibility for contract performance is a legal contention for which no response is required. The balance of the paragraph is incomprehensible.

34. Denied.

35. This paragraph contains assertions of fact that are directly inconsistent with allegations of wrongdoing in the first part. Allegations of wrongdoing are denied.

36. Denied.

37- 40. Not directed to answering defendant.

## First defense

41. The complaint, in whole or in part, fails to state claim for which relief could be granted.

## Second Defense

42. The Court lacks subject matter jurisdiction pursuant to the Eleventh Amendment of the U.S. Constitution.

---

[1] The complaint was erroneously numbered 23 et seq. hereafter.

### Third Defense

43.     The Court lacks jurisdiction under Article III, § 2, clause 2 of the U.S. Constitution.

### Fourth Defense

44.     The complaint should be dismissed, in whole or in part, as plaintiff failed to properly exhaust his administrative remedies.

### Fifth Defense

45.     The complaint should be dismissed as service of process was improper or insufficient.

### Sixth Defense

46.     The Court lacks personal jurisdiction over defendant and the complaint should be dismissed.

### Seventh Defense

47.     The matter is in whole, or in part, time barred under the appropriate statute of limitation, or repose or by some administrative time requirement.

### Eighth Defense

48.     The answering defendant is entitled to official or legislative immunity and the matter should be dismissed.

### Ninth Defense

49.     Any state law claims are barred by sovereign immunity and subject to further limitations pursuant to 10 *Del.C.* § 4001 et seq.

WHEREFORE, defendant Joyce Talley requests the Court grant judgment for all that is just and proper, to include dismissal of this suit with plaintiff to pay all costs, including attorney fees pursuant to 42 USC § 1988.

/s/ Marc P. Niedzielski
Marc P. Niedzielski
Bar I.D. 2616
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
marc.niedzielski@state.de.us
Attorney for Joyce Talley

DATED: February 23, 2007

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL MALDONADO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A.No. 07-63 |
| | : | |
| FIRST CORRECTIONAL MEDICAL, Inc. | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that on the date indicated I electronically served a

copy of the attached document on the following:

Jeffrey K. Bartels, Esquire
401 South Maryland Ave.
Wilmington, DE  19804
outlaw1@rcn.com


/s/ Marc P. Niedzielski
Marc P. Niedzielski
Bar I.D. 2616
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
marc.niedzielski@state.de.us
Attorney for Joyce Talley


DATED:  February 23, 2007