## IN UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DANIEL MALDONADO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No. 07-63** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FIRST CORRECTIONAL MEDICAL,** | ) | **JURY OF 12 DEMANDED** |
| **INC., CORRECTIONAL MEDICAL** | ) | |
| **SERVICES, DR. JOSE A. ARAMBURO,** | ) | |
| **JR., M.D., DR. SITTA GOMBEH-ALI,** | ) | |
| **M.D., COMMISSIONER STANLEY** | ) | |
| **TAYLOR, JOYCE TALLEY, BUREAU** | ) | |
| **CHIEF,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### JOSE ARAMBURO, M.D.'S ANSWER TO COMPLAINT

Defendant Jose Aramburo, M.D., by and through his attorney, answers the Complaint as follows:

1.      This is a legal contention for which no response is required.

2.      Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

3.      Denied.  First Correctional Medical Delaware, LLC, was the healthcare provider for the Delaware Department of Correction from July 1, 2002 through June 30, 2005.

4.      Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

5.      Denied.  By way of further answer, admitted that Jose Aramburo, Jr., M.D., was a licensed physician in the State of Delaware who was employed by First Correctional Medical Delaware, LLC.

6.      Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

7.      Answering defendant is without sufficient information to admit or deny the allegations against Stanley Taylor in this paragraph.  Denied that First Correctional Medical Delaware, LLC, was the alter ego for defendant First Correctional Medical, Inc.

8.      Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

9.      Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

10.      Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

11.      Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

12.      Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

13.      Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

14.      Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

15.      Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

16.      Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

17.    Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

18.    Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

19.    Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

20.    Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

21.    Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

22.    Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

23.    Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

24.    Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

25.    Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

26.    Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

27.    Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

28.     Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

29.     Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

30.     Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

## Count I

31.     Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

[1]32.     [23] Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

33.     [24] Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

34.     [25] Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

35.     [26] Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

36.     [27] Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

37.     [28] Denied.

---

[1]Plaintiff inadvertently misnumbered the following paragraphs 23-30.

## Count II

38.    [29] Denied.

39.    [30] Denied as stated.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim against answering defendant upon which plaintiff may recover.

2.    Plaintiff fails to state a claim against answering defendant upon which plaintiff may recover with respect to all civil rights claims as answering defendant was not deliberately indifferent to a serious medical condition.

3.    Answering defendant provided plaintiff with medical care that was appropriate for his condition and which met the applicable standards of care.

4.    The Complaint fails to state a claim for punitive damages upon which plaintiff may recover.

5.    The Complaint should be dismissed, in whole or in part, as plaintiff failed to properly exhaust his administrative remedies.

6.    The Complaint should be dismissed as service of process was improper or insufficient.

7.    This Court lacks personal jurisdiction over the defendant and the Complaint should be dismissed.

8.    The matter is in whole, or in part, time barred under the appropriate statute of limitation or repose by some administrative time requirement.

9.    Plaintiff failed to state a medical negligence claim in compliance with Delaware Law 18 Del. C. § 6853.

**WHEREFORE,** the defendant Jose Aramburo, Jr., M.D., requests that this Court grant

judgment for all that is just and proper to include dismissal of this suit, with plaintiff to pay all costs

including attorney's fees pursuant to 42 U.S.C. § 1988.

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Dana Spring Monzo
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorney for Defendant Jose Aramburo, Jr., M.D.

Dated: April 5, 2007

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **DANIEL MALDONADO,** ) | |
| ) | |
| **Plaintiff,** ) | **C.A. No. 07-63** |
| ) | |
| **v.** ) | |
| ) | |
| **FIRST CORRECTIONAL MEDICAL,** ) | **JURY OF 12 DEMANDED** |
| **INC., CORRECTIONAL MEDICAL** ) | |
| **SERVICES, DR. JOSE A. ARAMBURO,** ) | |
| **JR., M.D., DR. SITTA GOMBEH-ALI,** ) | |
| **M.D., COMMISSIONER STANLEY** ) | |
| **TAYLOR, JOYCE TALLEY, BUREAU** ) | |
| **CHIEF,** ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I, **DANA SPRING MONZO**, hereby certify that this date attached *Answer* was served to

the following:

Jeffrey K. Bartels, Esquire.
401 South Maryland Avenue
Wilmington, DE 19804

Kenneth W. Richmond, Esq.
2019 Walnut Street
Philadelphia, PA  19103

Marc Niedzielski, Esquire
Department of Justice
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Dana Spring Monzo
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorney for Defendants First Correctional Medical
and Dale Rogers, M.D.

Dated: April 5, 2007