IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL MALDONADO, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 07-063 |
| | : | |
| v. | : | |
| | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| INC., CORRECTIONAL MEDICAL | : | |
| SERVICES, INC., | : | |
| DR. JOSE A ARAMBURO, JR., M.D., | : | |
| DR. SITTA GOMBEH-ALIE, M.D., | : | |
| STANLEY TAYLOR, and | : | |
| JOYCE TALLEY, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT DR. SITTA GOMBEH-ALIE'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Dr. Sitta Gombeh-Alie, M.D. ("Answering Defendant"), by and through her undersigned counsel of record, hereby responds to Plaintiff's Complaint and states as follows:

I.   JURISDICTION

1.   The allegations of this paragraph are conclusions of law to which no response is required.

II.   THE PARTIES

2.   Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and so they are denied.

3.   The allegations of this paragraph are not directed toward Answering Defendant and so no response is required. To the extent the allegations of this paragraph are directed toward Answering Defendant, all allegations of negligence, causation or constitutional violation are denied.

4. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required. To the extent the allegations of this paragraph are directed toward Answering Defendant, all allegations of negligence, causation or constitutional violation are denied.

5. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required. To the extent the allegations of this paragraph are directed toward Answering Defendant, all allegations of negligence, causation or constitutional violation are denied.

6. Admitted that Answering Defendant was and is a physician licensed in Delaware. Admitted that Answering Defendant provided medical care to Plaintiff. Denied that medical care was withheld from Plaintiff. The allegation that Answering Defendant "oversaw the infirmary" is denied as stated.

7. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

8. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

III    THE FACTS (AS ALLEGED BY PLAINTIFF)

9. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

10. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

11. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

12. Answering Defendant has no record of any request by Plaintiff for his medical records. To the extent the remaining allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

13. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied. The characterizations in the paragraph are denied as stated.

14. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of allegations regarding conversations with or statements by third parties for which Answering Defendant was not present and so such allegations are denied.

15. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of what Plaintiff saw and so such allegations are denied.

16. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of allegations regarding conversations with or statements by third parties for which Answering Defendant was not present and so such allegations are denied.

17. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

18. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

19. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

20. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

21. Denied as stated.

22. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

23. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

24. Denied as stated. Answering Defendant is without information or knowledge sufficient to form a belief as the truth or falsity of the allegations regarding what Plaintiff experiences, and so they are denied.

25. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

26. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

27. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of allegations regarding conversations with or statements by third parties for which Answering Defendant was not present and so such allegations are denied.

28. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied. Answering Defendant denies all allegations of negligence, causation or constitutional violation.

29. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied. All allegations of negligence, causation or constitutional violation are denied.

30. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied. All allegations of negligence, causation or constitutional violation are denied.

## COUNT I

Plaintiffs v. Defendants Taylor and Talley
42 U.S.C. § 1983
U.S. CONSTITUTION amend. VIII

31. Answering Defendant repeats and incorporates herein by reference each and every preceding paragraph. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

32. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

33. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

34. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

35. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

36. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

37. To the extent the allegations of this paragraph are not directed toward Answering Defendant, no response is required. To the extent the allegations of this paragraph are directed toward Answering Defendant, all allegations of negligence, causation or constitutional violation are denied.

## COUNT II

Plaintiffs v. First Correctional Medical, Gombeh-Alie,
Aramburo, and Correctional Medical Services
42 U.S.C. § 1983
U.S. CONSTITUTION amend. VIII

38. Answering Defendant repeats and incorporates herein by reference each and every preceding paragraph. The remaining allegations are denied.

39. Denied.

WHEREFORE, for the foregoing reasons, Answering Defendant Dr. Sitta Gombeh-Alie respectfully requests entry of judgment in her favor and against Plaintiff including costs, attorneys' fees and such other relief as the Court deems just.

## ADDITIONAL DEFENSES

40. Plaintiff fails to state a claim upon which relief can be granted.

41. Answering Defendant was not deliberately indifferent to any serious medical need.

42. Plaintiff fails to state a claim against Answering Defendant for medical negligence pursuant to Delaware state law.

43. To the extent Plaintiff states a claim for medical negligence, such claim is barred by Plaintiff's failure timely to file, or seek an extension to file, an affidavit of merit pursuant to 18 *Del. C.* § 6853.

44. Plaintiff's claims are barred by the statute of limitations.

45. Answering Defendant was not acting under color of State or Federal law.

46. Plaintiff fails adequately to plead a claim for punitive damages.

47. Answering Defendant provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

48. Plaintiff's injuries, if any, resulted from a superseding, intervening cause.

49. Plaintiff's injuries, damages or claims are the result of a pre-existing condition not caused by any action or omission of Answering Defendant.

50. Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for whom Answering Defendant was not responsible and over whom Answering Defendant had no authority or control.

51. Answering Defendant, at all times material to the allegations in the Complaint, acted in good faith and with the reasonable belief, both objective and subjective, that her actions were lawful and not in violation of the rights of Plaintiff under the Constitution and laws of the United States and/or the State of Delaware.

52. Plaintiff's claims may be barred or limited by the provisions in the United States Civil Rights Act, as discovery may show.

53. Plaintiff's claims may otherwise be barred by 28 U.S.C. §1915.

54. Plaintiff's claims may be barred or limited by contributory/comparative negligence.

55. Plaintiff failed to mitigate his damages.

56. Plaintiff's claims are barred by failure of service, by failure of service of process, lack of subject matter and/or personal jurisdiction.

57. Answering Defendant hereby adopts any and all additional defenses hereinafter asserted by her co-defendants.

58. Answering Defendant reserves the right to assert additional defenses in the future to the extent warranted by discovery.

## ANSWER TO ALL PRESENT AND FUTURE CROSS-CLAIMS

59. Answering Defendant denies all cross-claims asserted against them now or hereinafter.

WHEREFORE, Answering Defendant Dr. Sitta Gombeh-Alie, M.D., respectfully requests entry of judgment in her favor and against Plaintiff together with costs and attorneys' fees and such other relief as this Honorable Court deems just and appropriate.

BALICK & BALICK, LLC

/s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendants
Sitta B. Gombeh-Alie, M.D.

Date:   December 11, 2007